ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

John R. Wylde III,

Plaintiff,

vs.

Trans Union LLC;
CSC Credit Services, Inc.;
Equifax, Inc., d/b/a Equifax Information Services, Inc.; and
Experian Information Solutions, Inc.,

Defendants.

Civil No. 01-272 (ADM/AJB)

**PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)**

---

**THE COURT HEREBY DIRECTS** that this Protective Order ("Order") be entered in this action pursuant to Fed. R. Civ. Pro. 26(c) and the stipulation of the parties in the action. The purpose of this Order is to safeguard the confidentiality of certain proprietary and confidential documents and information that any person or entity may be called upon to produce during the course of the action.

1. "Confidential Materials" subject to protection under this Order shall be any contract, or portions thereof, between CSC and Equifax Credit Services, Inc.

2. The Confidential Materials shall be designated by writing or stamping "CONFIDENTIAL" on the documents at or prior to the time that the documents are produced or exchanged. In lieu of marking originals of the documents, CSC may mark the copies that are produced or exchanged. In the event that CSC inadvertently fails to designate the Confidential Materials as "CONFIDENTIAL" prior to their production, CSC may



FEB 21 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

subsequently make such designation by notifying the other parties in writing as soon as practicable. Upon receiving such written notice, the other parties shall place the appropriate "CONFIDENTIAL" designation on the document and shall treat it as subject to this Order.

3. Testimony pertaining to the Confidential Materials shall be so designated by counsel on the record prior to the time that the deposition, hearing or other proceeding is adjourned, or in writing within thirty (30) days of counsel's receipt of the transcript of the deposition, hearing or other proceeding. The questions and answers designated by counsel as pertaining to Confidential Materials shall be transcribed separately from the remainder of the deposition, hearing or other proceeding. The portions of transcripts designated as including Confidential Materials shall be retained by counsel, unless filed in this Court, in which event they shall be filed under seal in an envelope which includes on its face the statement set forth in paragraph 8 of this Order.

4. Confidential Materials shall not be given, shown, made available, communicated, or disclosed by anyone other than CSC to persons or entities other than:

(a) The attorneys of record in this action, their associated attorneys, legal assistants, and staff members working on the action;

(b) Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

(c) Natural persons who are parties to this action;

(d) Officers and employees of the parties to this action who are actively assisting counsel in the preparation and trial of this action;

(e) The Court, in accordance with paragraphs 8 and 9 of this Order;

(f) Deposition witnesses who are parties or employees of a party;

(g) Independent consultants and/or experts retained by a party to work on the action, provided, however, that before any such consultant or expert is shown or receives any Confidential Materials, he or she must read a copy of this Order and agree in writing to abide by it, by executing a copy of the Agreement that is Exhibit A to this Order; and

(h) Such persons as the undersigned counsel shall mutually consent to in writing prior to the proposed disclosure.

5. Confidential Materials shall be used solely for the preparation, trial, appeal, and/or settlement of the action, and shall not be communicated or used for any other purpose whatsoever. Furthermore, no person or entity shall give, disclose, make available, or communicate Confidential Materials to any person or entity not expressly authorized by this Order to receive respectively such Confidential Materials. A party's use for any purpose of his/its own documents and other information which he/it produces or discloses in this action shall not be considered a violation of this Order.

6. Counsel for any party may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Materials. Confidential Materials shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order.

7. Any court reporter or transcriber who reports or transcribes testimony in this action that is designated as "CONFIDENTIAL" shall agree that such testimony is and shall remain confidential, that such testimony shall not be disclosed by such reporter or transcriber except to counsel and any other persons who are present while such testimony is

being given, and that any transcript, reporter's notes or any other transcription records shall be held in absolute confidentiality and safekeeping by such reporter or transcriber.

8. Unless otherwise ordered by the Court, or agreed to by the parties to the action, any documents, including but not limited to pleadings, memoranda, deposition notices, deposition transcripts, interrogatories, requests for document production, subpoenas, and responses thereto, containing, paraphrasing, summarizing, or quoting Confidential Materials hereafter filed with the Court shall be filed with the Court in a sealed envelope or other suitable container with a cover label bearing the caption of the action, the title of the document, and a statement substantially in the following form:

**FILED UNDER SEAL PURSUANT TO ORDER OF THE UNITED STATES DISTRICT COURT**

This envelope contains CONFIDENTIAL material encompassed by a STIPULATED PROTECTIVE ORDER and is not to be opened nor the contents thereof displayed or revealed except by Order of this Court.

9. If, at the time of trial or in connection with any hearing, counsel for any party intends to introduce any Confidential Materials produced by CSC, that party shall so inform the Court and counsel for CSC as far in advance as possible, and the Court may take such steps, at the request of CSC on its own initiative, as it deems necessary to preserve the confidentiality of such Confidential Materials.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if the parties consent to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

11. Within 60 days after the final termination of the action, including all appeals, all Confidential Materials, all copies of the same, and all excerpts therefrom, shall be

returned to CSC or destroyed; provided, however, that counsel for the parties may retain for their files a copy of any pleadings, memoranda, affidavits, orders, transcripts, discovery responses, and work product containing or reflecting Confidential Materials

12. This Order is without prejudice to the rights of any party to seek modification of its provisions upon motion duly noticed and served. Upon motion duly noticed and served, any party may seek judicial review of any confidentiality designation made pursuant to paragraphs 2 or 3 above.

13. There shall be no reproduction whatsoever of any Confidential Materials, except as required in this Action. Copies, excerpts, or summaries of Confidential Materials may be shown or given only to those authorized to have access to Confidential Materials pursuant to this Protective Order, and this Order shall apply to any such copies, excepts or summaries.

14. Within ten (10) days of the final dismissal of this Action, Trial Counsel for each party shall forward to opposing Trial Counsel a copy of all signed agreements by all persons who have been given access to Confidential Materials.

15. Any person or entity not a party to this action who is called upon to produce documents or to provide testimony in this action, and who wishes to obtain the protection of this Order for such documents or testimony, may join this Stipulation and Order by stating, in a writing that is served upon counsel for all the undersigned parties, its intention to join in the Stipulation and Order. Upon service of such a writing, the non-party shall be bound by the terms of this Order and shall be subject to all of the rights and obligations set forth herein, in the same manner and to the same extent as if the non-party were in fact a party to this action.

16. This Order pertains only to the Confidential materials without prejudice to the parties later asking the Court to order that additional materials will be subject to a Protective Order. The parties expressly retain the right to argue that any other documents and information are confidential and should be subject to a protective order, and they reserve the right to request that the Court modify the Protective Order to cover those documents or information.

17. The Court retains jurisdiction to enforce the provisions of this Order and to make such modifications and additions to this Order as the Court may from time to time deem appropriate.

Date: 2-21-01

The Hon. Arthur Boylan
UNITED STATES MAGISTRATE JUDGE

M2:20435716.01

**AGREEMENT CONCERNING MATERIAL COVERED BY
A PROTECTIVE ORDER ENTERED
IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MINNESOTA**

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the United States District Court for the District of Minnesota in Civil No. 01-272 (ADM/AJB) pending therein, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive "Confidential Materials" under the terms of said Protective Order, any document or information designated as or constituting "Confidential Materials" or any copies or extracts of information derived therefrom, which have been disclosed to me. I further agree to use any "Confidential Materials" disclosed to me solely for the purpose of the action and for no other purpose.

I hereby submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing said Protective Order.

Date: ________________.

Signature: ______________________________

______________________________
Type or Print Name

M2:20435716.01

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John R. Wylde III,

Plaintiff,

vs.

Trans Union LLC;
CSC Credit Services, Inc.; Experian Information Solutions, Inc.; and Equifax Credit Services, Inc.,

Defendants.

Civil No. 01-272 (ADM/AJB)

**STIPULATION REGARDING CONFIDENTIALITY ORDER UNDER FED. R. CIV. P. 26(c)**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, through their respective undersigned attorneys, that the Court may enter the attached Protective Order Regarding Confidentiality Under Fed. R. Civ. P. 26(c) without further notice or a hearing.

DATED: 2/20, 2002

FAEGRE & BENSON, LLP

Lianne Knych

Charles F. Webber (#215247)
Lianne C. Knych (#0268896)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone: (612) 766-7000

Attorneys for Defendant CSC Credit Services, Inc.

DATED: 2/19, 2002

Thomas J. Lyons, Jr. (#249646)
Thomas J. Lyons, Sr. (#65699)
342 East County Rd. D.
Little Canada, MN 55117

Telephone: (651) 770-9707

Attorneys for Plaintiff John R. Wylde, III

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
   - Action/case number
   - Brief action/case title
   - Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
   - The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01